## ELIZABETH MAWHINNEY v. MARIE CASSIO.

Argued February 23, 1899—Decided June 12, 1899.

1. Where a wife had agreed to pay a claim made against her husband by the mother of a minor daughter, upon whom the husband had committed an assault, and had become liable for the injuries to the daughter consequent upon such assault, and the wife had given her promise in writing to pay a certain sum agreed upon to the mother to settle the liability of the husband, and to save him from an action at law and consequent exposure and disgrace—*Held*, that the wife was relieved from a recovery upon such written promise to pay, as the obligation, at most, was only to answer for the default or liability of her husband, and for which she received neither directly nor indirectly

any money, property or other thing of value for her own use and benefit, or for the use and benefit of her separate estate.

2. Neither the desire on the part of the wife to save herself the disgrace of a prosecution of the husband for such assault, nor her desire not to be deprived of the benefits of his society, or of his conjectural services in any business of her own, will form a good consideration for such a promise, or be sufficient to support the contract to make such payment, as they are not the things of value for her own use, or for the benefit of her separate estate provided by the statute to render her contract enforceable in an action or suit.

On rule to show cause why the verdict for plaintiff should not be set aside.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *John W. Wescott.*

For the defendant, *Thompson & Cole.*

The opinion of the court was delivered by

LIPPINCOTT, J. The declaration in this case consists of the common counts, and is founded upon a due-bill or I. O. U. given by the defendant to the plaintiff, of which the following is a copy :

"ATLANTIC CITY, N. J., May 11, 1896.
" *To Elizabeth Mawhinney :*

" I owe you in settlement of case between N. C. Cassio and Annie Egan, the sum of six hundred dollars.
"MARIE CASSIO."

To the action the defendant pleaded the general issue, and gave notice thereunder that on the trial she would give in evidence that there was no consideration whatever for the due-bill or note so signed by her ; and further, that at the time of making and delivery of the same she was a married woman, and that she gave the same as the guarantor for the

default or liability of one N. C. Cassio, and that she neither directly nor indirectly obtained any money, property or other thing of value for her own use, or for the benefit of her separate estate.

At the trial the undisputed evidence was that the defendant was a married woman, the wife of N. C. Cassio, named in the due-bill, and, at the time of this transaction, they were residing at Atlantic City. Some time previous they had conducted a boarding-house, but had ceased to keep the same, and had rented it to others for the coming season. The plaintiff resided in Atlantic City with her daughter, Annie Egan also named in the due-bill, a young woman about seventeen or eighteen years of age. The facts as taken to be proved on this rule show that the husband of the defendant had assaulted the young woman, Annie Egan, in some manner which does not clearly appear. The plaintiff threatened to commence an action or prosecution of some kind against Mr. Cassio, the husband of the defendant, for the assault, and the uncle of Miss Egan, also, had threatened him with personal violence. After some negotiations between the parties the plaintiff in this action agreed that she would accept the sum of $600 in reparation of the injury to her daughter, and refrain from any action against the husband of the defendant, and thereupon in settlement of the matter the defendant gave the plaintiff the due-bill or promise on which the action is founded. The defendant paid to the plaintiff the sum of $100 before the action was brought.

At the close of the trial upon these facts the learned trial justice directed a verdict for the plaintiff against the defendant for the sum of $500, the balance due, and interest thereon.

It would seem that for the injury which arose to the daughter no right of action whatever existed in her mother, the plaintiff in this action, in her own name. Such right of action against Cassio himself remained only in the father or in Annie Egan. In the relation of master and servant which existed between parent and child the right of action would be in the father, if he were living, and for the injury arising

from the assault the right of action existed in Annie Egan, in the name of her next friend.

The occurrence, as stated in the evidence, gave rise to no liability on the part of the defendant. The liability arising was the liability of Mr. Cassio alone, and the consideration of the contract sued on was the relinquishment merely of this liability, for which the defendant as a married woman agreed to pay a certain sum of money, and the contract, therefore, was one which had no consideration to her for its support. It is the liability of the husband which would give rise to any disgrace to her, if there could be any disgrace to her consequent upon a suit against her husband, and the publicity of the details of the occurrence between her husband and the young woman. Neither this nor the deprivation to her of the society of her husband or the remote future needs she might have for the services of her husband in her business, could create the legal consideration required to support her promise to answer for her husband's liability. Even if these elements would form a good consideration, in ordinary cases, the maried woman, by our statute, is prevented from assuming in this way such a liability ; in other words, she is relieved from responsibility upon her contracts, founded upon such considerations.

The liability in this case in favor of whomsoever it may have arisen, if it arose at all, was that of the husband alone, and the due-bill or written promise in question of the defendant was that of a married woman to answer that liability, and it clearly resulted from the statute that she was relieved from its payment. She became the guarantor or surety of her husband by this promise, and neither directly nor indirectly did she obtain any money, property or other thing of value for her own use, or for the use, benefit or advantage of her separate estate, and thus she is relieved from liability for its payment. *Gen. Stat.,* p. 2017, § 26, and cases cited in note (*a*).

A verdict for the defendant should have been directed upon the proof presented at the trial.

The rule to show cause, therefore, is made absolute.